1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>  vs.<br><br>RAYMUNDO CASTRO-SALAZAR,<br><br>          Defendant. | CASE NO. 11cr4482-LAB-1 and 12cv2257-LAB<br><br>**ORDER DENYING MOTION TO VACATE PURSUANT TO 28 U.S.C. § 2255** |

      Defendant Raymundo Castro-Salazar pleaded guilty to importation of cocaine and was sentenced to 120 months' imprisonment, which was the mandatory minimum sentence, plus five years' supervised release. He then filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255.

      The Court then issued an order (Docket no. 29) finding most of Castro-Salazar's claims baseless. The Court does not revisit those rulings, but relies on the same reasoning to deny them in this order.

      The previous order also required the government to respond to his only potentially meritorious claim. That one claim was based on Castro-Salazar's contentions that his attorney had refused to explain the plea agreement to him, or even let him read it, and that he didn't understand the change of plea proceedings because he speaks Spanish primarily. This contradicted Magistrate Judge Louisa Porter's findings, particularly her determination that Castro-Salazar understood the maximum possible sentence that could be imposed, and

the terms of the plea agreement. (Docket no. 13 at 2:17–19.). The government was therefore required to file a transcript of Castro-Salazar's change of plea hearing, so that the Court could determine whether her findings were sound. The government has filed that transcript and it is now clear that the remaining claim has no merit.

Castro-Salazar's claim that he couldn't understand what was going on is belied by the transcript. First, Castro-Salazar was one of four defendants at that hearing. The other three were Spanish speakers who were afforded an interpreter. (*See* Docket no. 30 (Tr. of Change of Plea Hrg.) at 2:2–10.)   Had Castro-Salazar wanted or needed an interpreter as did the three other defendants, it would have been an obvious and easy matter for him to request one. Second, he responded appropriately in English to Judge Porter's questions. Most of these (as is typical at change of plea hearings) required only a short answer, but Castro-Salazar's answers even to impromptu questions were phrased in such a way that it is clear he speaks English and was not simply reacting to his attorney's promptings. For example:

> THE COURT:  .  .  .  By pleading guilty today you're giving up those Constitutional rights that are dependent on that trial. Do you each understand that?
>
> THE DEFENDANT: Yes.
>
> (Pause while the Court heard other matters.)
>
> THE COURT: And did I get a yes from you, sir?
>
> THE DEFENDANT: Yes, you did.
>
> THE COURT: Thank you.

(Tr. of Change of Plea Hrg., at 4:3–9.)

At the same hearing, Castro-Salazar confirmed, under oath, that the plea agreement had been shown and explained to him, and that he had no questions about it.

> THE COURT: Mr. Castro, I'm looking at your plea agreement. At the bottom of each page I see the initials R.C., are those your initials, sir?
>
> THE DEFENDANT: Yes.
>
> THE COURT: And at the bottom of the page I see what looks like your signature. Is that your signature?
>
> THE DEFENDANT: Yes, it is.

11cr4482 and 12cv2257

1
2
THE COURT: Sir, prior to initialing these pages and signing that final page, did you have the opportunity to read this document and talk with your attorney about it?

3      THE DEFENDANT: Yes.

4      THE COURT: Do you have any questions about it?

5      THE DEFENDANT: No.

6   (Tr. of Change of Plea Hrg., 7:10–22.) Castro-Salazar's attorney also affirmed that he had

7   discussed the plea agreement thoroughly with Castro-Salazar, and that the latter understood

8   it. (*Id.*, 8:25–9:4.)

9          It is important to add that Judge Porter clearly had a good opportunity to observe

10  Castro-Salazar's demeanor as he was questioned and gave his answers, and was in a good

11  position to determine whether he understood what was being said to him or asked of him.

12  Her findings are therefore well-grounded in the record.

13         The transcript also offers additional confirmation that the Court's earlier rulings were

14  correct. For example, Castro-Salazar was not under the impression, as he now claims, that

15  he would be sentenced to a term of 45 to 57 months. Rather, Judge Porter pointed out to

16  him, and he confirmed he understood, that he was subject to a mandatory minimum

17  sentence of ten years plus a term of supervised release of at least five years.  (Tr. of Change

18  of Plea Hrg., 4:12–23.)

19         In short, the record makes clear Castro-Salazar's motion is meritless and he is entitled

20  to no relief. *See* § 2255 (b) (if "the files and records of the case conclusively show that the

21  prisoner is entitled to no relief," no hearing is needed and the government need respond).

22  The motion is **DENIED**.

23

24         **IT IS SO ORDERED**.

25  DATED:  January 28, 2014

26

27         **HONORABLE LARRY ALAN BURNS**
   United States District Judge

28